In the Matter of **ROBBINS CONVERTING CORP.,** Joseph W. Rosenberg, Trustee-Appellee,
**Ruben Schwartz and Wasserman & Taten, Appellants.**
No. 710, Docket 34495.

United States Court of Appeals, Second Circuit.

Argued April 1, 1971.

Decided April 27, 1971.

Leonard Schwartz, New York City (Siegel, Sommers & Schwartz, New York City, on the brief), for appellee.

Albert Lyons, New York City, for appellants.

Before FRIENDLY and FEINBERG, Circuit Judges, and MANSFIELD, District Judge.*

MANSFIELD, District Judge:

Appellants, a practicing attorney and a firm of certified public accountants, ·rendered services in connection with the unsuccessful efforts of Robbins Convert-

* Of the Southern District of New York, sitting by designation.

ing Corp. ("Robbins") to avert bankruptcy through an agreement for a bulk sale of its assets to a purchaser, Danny Fabrics Corp. ("Danny"), which agreed to pay Robbins' general creditors 25% of their claims. Danny defaulted and Robbins was then placed in bankruptcy. This appeal presents the question of whether appellants are entitled as against the Trustee in Bankruptcy to payment of $4,000 out of certain funds deposited in escrow and forfeited by Danny, the prospective purchaser of the assets. The district court affirmed the Referee in Bankruptcy's order granting summary judgment in favor of the Trustee and dismissing appellants' application for an order directing the Trustee to pay appellants $2,000 each out of the escrow funds. We affirm.

The essential facts are undisputed. On April 4, 1968, Robbins, a textile converter on the verge of bankruptcy,[1] executed an agreement with Danny whereby Robbins would make a bulk sale of its assets to Danny pursuant to Article VI of the New York Uniform Commercial Code in consideration of Danny's agreement to pay Robbins' general creditors 25% of their claims.[2] Danny also agreed to deposit $7,500 in escrow [3] with the law firm of Salon, Grossman, Ortner & Gershowitz (the "escrowee"), subject to the condition that if any of Robbins' creditors should prevent the consummation of the bulk sale (such as by filing an involuntary petition in bankruptcy or enjoining the contemplated sale), the $7,500 would be returned to Danny. If, on the other hand, the bulk sale should be consummated, or if Danny should default in its agreement to purchase the assets, the $7,500 would be used to pay "administration expenses," including $2,000 to appellant Ruben Schwartz for "legal services rendered to Robbins," and $2,000 to appellant Wasserman & Taten for "accounting services rendered to the creditors." Another $2,500 was to be parcelled out to other persons not parties to this action. The remaining $1,000 of the escrowed $7,500 was apparently to go to Robbins.

Danny deposited the $7,500 in escrow but defaulted in making payment of the balance due under the agreement, with the result that the sale was not consummated. Robbins was placed in bankruptcy pursuant to an involuntary petition, and adjudicated a bankrupt on May 21, 1968. The escrowee, refusing to pay $2,000 each to Ruben Schwartz and Wasserman & Taten, respectively, out of the escrow funds, turned over the entire $7,500 to the Trustee in Bankruptcy upon his request. By decision dated November 14, 1969, the Referee in Bankruptcy denied appellants' application for an order directing the Trustee to pay them $2,000 each, without prejudice to their applying in the bankruptcy proceeding pursuant to § 2(a) (21) of the Bankruptcy Act, 11 U.S.C. § 11(a) (21), for an allowance to compensate them for services rendered to the bankrupt. The Referee's order was confirmed by Judge Bonsal and upon petition for review by Judge MacMahon.

All parties concede that appellants would be entitled to payment out of the escrowed $7,500 only if that money did not become the bankrupt's property. As we view the undisputed facts, however, when Danny defaulted upon its agreement to purchase Robbins' assets the escrow funds became the equivalent of liquidated damages to which Robbins was entitled. The consideration for the escrow deposit was Robbins' property, i. e., its commitment to sell its assets to

---

1. See, e. g., Affidavit of Ruben Schwartz, Appendix at 20a.

2. See ¶ 2 of Agreement of April 4, 1968, Appendix at 8a.

3. The $7,500 check was issued by Century Factors Corp. Apparently Danny arranged to obtain this check from Century Factors; it was charged to Calcutta Textiles, Inc. The check is not the property of Century or Calcutta, neither of whom can or do make any claim to it. This procedural background is irrelevant under the circumstances. We only mention it because a considerable portion of the parties' briefs and oral argument kept referring (inexplicably) to this background.

Danny. Furthermore, if the latter had not defaulted Robbins' assets would have been so transferred. In the absence of any failure of consideration by Robbins, the escrow funds, although designated in part for distribution to others, represented constructive income to Robbins. Under the broad and liberal construction of the term "property" that has been adopted with a view to securing for creditors everything of value belonging to the bankrupt, cf. Segal d/b/a Segal Cotton Products v. Rochelle, 382 U.S. 375, 379, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966), Robbins' Trustee in Bankruptcy succeeded to the escrow funds as part of the bankrupt's estate.

Since appellants were engaged in rendering current services intended to be of material benefit to Robbins and its creditors through the negotiation of the Robbins-Danny agreement of April 4, 1968, all parties were apparently agreeable to their being accorded a preferred position as creditors. But appellants' attempt to carve out for themselves a preferred creditor position in the event of Robbins' bankruptcy by escrowing funds to satisfy their claims runs afoul of § 60 of the Bankruptcy Act, 11 U.S.C. § 96(a) (1), the escrow payment amounting to a voidable preference. Any such payment to Wasserman & Taten for services rendered to Robbins' creditors would be "for the benefit of a creditor" within the meaning of § 60(a) (1). Ruben Schwartz stands in a slightly different position as a creditor in that he rendered services to Robbins in an unsuccessful effort to avert its bankruptcy. Since part of the escrow funds represented property set aside by mutual agreement of the bankrupt and Danny for such services currently rendered by Schwartz, he may be entitled, pursuant to § 60(d) of the Bankruptcy Act, 11 U.S.C. § 96(d), to have the court direct that he be paid out of the escrow money such amount as is deemed reasonable, although the matter is not free from doubt. See Bass v. Olson, 378 F.2d 818 (9th Cir. 1967).

For the foregoing reasons, the judgment is affirmed.